UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH
THE CELLULAR TELEPHONE
ASSIGNED CALL NUMBER (606) 548-
3083, WITH VERIZON
COMMUNICATIONS

Case No. 5:23-MJ-5065

**Filed Under Seal**

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Matthew Mann, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant under

Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information

about the location of the cellular telephone assigned call number (606) 548-3083, (the

"Target Cellular Device"), whose service provider is Verizon Communications, a wireless

telephone service provider headquartered at 1095 Avenue of the Americas, New York, NY

10036.  The Target Cellular Device and information to be searched are described herein

and in Attachment A.  The location information to be seized is described herein and in

Attachment B.

2.      I am a "federal law enforcement officer" within the meaning of Federal Rule

of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the

criminal laws and duly authorized by the Attorney General to request a search warrant.  I

am a Senior Special Agent with the U.S. Secret Service, and have been since June 2000.  I

currently investigate threats made against the President of the United States, the Vice President of the United States, their families, and former Presidents of the United States as a member of the Lexington Resident Office.  I have investigated presidential, vice presidential and former president threat case for over 20 years and specialize in the assessment of risk of harm to protectees of the U.S. Secret Service.  In my experience, many of the threats towards protectees of the U.S. Secret Service are posted via social media platforms such as Twitter and Facebook.  Subsequently, experience has shown cellular phone usage to be prevalent in the posting of these threats.

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      Based on the facts set forth in this affidavit, there is probable cause to believe that Randy William Boone has committed, is committing, and will commit violations of federal criminal law including 18 U.S.C. § 879 (threats against former Presidents) and 18 U.S.C. § 875(c) (threatening communications).  There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations, including leading to the identification of individuals who are engaged in the commission of these offenses and identifying locations where the target engages in criminal activity.

2

5.     One purpose of applying for this warrant is to determine conclusively the Target Cellular Device's location.  However, there is reason to believe the Target Cellular Device is currently located in this district because the owner of the Target Cellular Device has been residing within the Eastern District of Kentucky, specifically the City of Morehead, Rowan County, KY.  It has been verified through investigation by the U.S. Secret Service that the owner of the Target Cellular Device has resided within Morehead, KY since 2022.  This information is based on eyewitness verification of his residency within Morehead, KY and the owner of the Target Cellular Device providing affirmative residency within Morehead, KY during a telephone conversation with the affiant on February 23, 2023.  The submitted telephone number contains an area code (606) that corresponds with the eastern part of the Commonwealth of Kentucky.  The owner of the Target Cellular Device was seen by an eyewitness in Morehead, KY on February 22, 2023.  Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

6.     This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

3

## PROBABLE CAUSE

7.      On January 16, 2023, an individual utilizing the handle @randyboone747, posted the following on social media platform Twitter, "Biracial Obama for you a door until the death to shoot your dad or you shoot me Secret Service.  I will kill Barack Hussein Obama until death in a field of battle.  For the honor you took from a woman and a little girl until the death.  Commander in Chief".

8.      On February 21, 2023, an individual utilizing the handle @randyboone747, posted the following on Twitter, "I am back to my way to Washington DC I think we'll see you soon it's going to Assassin when I get to Washington DC.  United States Secret Service are going to kill me.  SS officers Hitler SS sales for Secret Service Barack Obama.  I hope you kill me".

9.      On February 22, 2023, the U.S. Secret Service obtained subscriber information from Twitter associated with the handle @randyboone747, pursuant to legal process.  That subscriber information established that the handle was associated with the Target Cellular Device number of (606) 548-3083, which is provided service by Verizon Communications.

10.     Affiant reviewed publicly available content associated with Twitter handle @randyboone747, which included photographs of an individual.  Affiant visually compared these photographs to Randy William Boone's driver's license photograph and confirmed that they were the same individual.

11.     Affiant contacted phone number (606) 548-3083 on February 23, 2023. Randy William Boone answered the call, confirming that he is the user of the Target Cellular Device.  In that conversation, Boone refused to disclose his location and admitted to making threats toward President Obama.  Boone also asserted a belief that it was a mistake to make the threats and maintained that he did not intend to harm anyone.

12.     Based upon the information provided, there is probable cause to monitor the Target Cellular Device, utilizing the number (606) 548-3083 belonging to Randy William Boone for the next thirty days.

13.     In my training and experience, I have learned that Verizon Communications is a company that provides cellular telephone access to the general public.  I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records.  E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers.  Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected.  These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles

apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

14.     Based on my training and experience, I know that Verizon Communications can collect E-911 Phase II data about the location of the Target Cellular Device, including by initiating a signal to determine the location of the Target Cellular Device on Verizon Communications' network or with such other reference points as may be reasonably available.

15.     Based on my training and experience, I know that Verizon Communications can collect cell-site data about the Target Cellular Device and typically stores such data on a historical basis.

## AUTHORIZATION REQUEST

16.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

17.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an

opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution.  *See* 18 U.S.C. § 3103a(b)(1).  As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property.  *See* 18 U.S.C. § 3103a(b)(2).  Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above.  *See* 18 U.S.C. § 3103a(b)(2).

18.    I further request that the Court direct Verizon Communications to disclose to the government any information described in Attachment B that is within the possession, custody, or control of Verizon Communications.  I also request that the Court direct Verizon Communications to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Verizon Communications' services, including by initiating a signal to determine the location of the Target Cellular Device on Verizon Communications' network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall reasonably compensate Verizon Communications for reasonable expenses incurred in furnishing such facilities or assistance.

19.    I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

20.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

/s/ Matthew L. Mann

Matthew L. Mann
Senior Special Agent
United States Secret Service

Attested to by applicant per Fed. R. Crim. P. 4.1 by reliable electronic means on this 24th day of February, 2023.

UNITED STATES MAGISTRATE JUDGE